[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14246

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DONTRAY LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:21-cr-00197-RSB-CLR-1

_____

2                    Opinion of the Court                    22-14246

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges

PER CURIAM:

Dontray Lewis appeals his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He raises two claims. First, he contends that the district court erred in denying his motion to suppress physical evidence found during a traffic stop of his car, arguing that the officers did not have reasonable grounds under the Fourth and Fifth Amendments to stop his vehicle. Second, Lewis asserts that his rights under the Equal Protection Clause were violated when officers identified his vehicle based on a "Be On the Lookout" that allegedly targeted him based on his race, location, and car.[1] After careful consideration of the parties' arguments, we affirm.

**I**

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Under the

---

[1] We review a district court's denial of a motion to suppress evidence under a mixed standard, reviewing the court's fact-finding for clear error and its application of the law to those facts *de novo*. *United States v. Lewis*, 674 F.3d 1298, 1302–03 (11th Cir. 2012). We grant substantial deference to the factfinder's credibility determinations, construing all facts in the light most favorable to the prevailing party below. *Id.* at 1303. We must accept the version of events adopted by the district court "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

exclusionary rule, evidence that was obtained or derived from an encounter with police that violated the Fourth Amendment cannot be used against a defendant in an ensuing criminal trial. *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). A traffic stop is a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996).

Under the Fourth Amendment, officers need only have reasonable suspicion of criminal activity to initiate a traffic stop. *United States v. Campbell*, 26 F.4th 860, 880 n.15 (11th Cir. 2022) (en banc). In determining whether a search or seizure is reasonable, we examine the totality of the circumstances. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012). Reasonable suspicion is determined using an objective standard and without regard to the subjective intent or beliefs of the officers. *United States v. Smith*, 799 F.2d 704, 709 (11th Cir. 1986); *see also Whren*, 517 U.S. at 813 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

To satisfy reasonable suspicion, an officer must have "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 572 U.S. 393, 396 (2014) (quotation marks omitted). "Even minor traffic violations qualify as criminal activity." *Campbell*, 26 F.4th at 880. The particularized basis for the stop can be based on "inferences from and deductions about the cumulative information available" to the

officer at the time they conduct the traffic stop. *United States v. Arvizu*, 534 U.S. 266, 273 (2002).

Lewis's infractions are the kinds of "minor traffic violations" that meet this threshold: Georgia law provides that, when making a right turn, a car must make the approach and turn "as close as practicable to the right-hand curb or edge of the roadway." O.C.G.A. § 40-6-120(1). Georgia law also criminalizes speeding, reckless driving, and failing to observe traffic signals. *See id.* §§ 40-6-181(b); 40-6-390(a), (b); 40-6-20(a).

The district court's credibility determinations are given great deference, and it did not err in crediting Officer Hinds's testimony. *Lewis*, 674 F.3d at 1303. The magistrate judge found that Officer Hinds's testimony about the traffic violation was "credible and unequivocal." Lewis presented no evidence at the hearing to dispute that officers saw him make the improper right turn. *See United States v. Pineiro*, 389 F.3d 1359, 1366–67 (11th Cir. 2004). Although Officer Blair was not available at the suppression hearing, he—along with Officers Hines and Keel—testified at Lewis's trial and corroborated the circumstances surrounding the stop.

Here, the district court did not err in denying Lewis's suppression motion on Fourth Amendment grounds, because the testimony at the suppression hearing, which was credible, established

that the officers had reasonable suspicion that Lewis had committed traffic violations.[2]

## II

When a district court's judgment is based on multiple, independent grounds, the appellant must properly address each ground. If he fails to address one of several independent grounds, he will be deemed to have abandoned any challenge on that ground, and the judgment will be affirmed. *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." *Whren*, 517 U.S. at 813. The proper remedy for selective-enforcement is a claim under the Equal Protection Clause rather than the Fourth Amendment. *See id*. The exclusionary rule is a judicial remedy created to deter constitutional violations, not a "personal constitutional right." *United States v. Calandra*, 414 U.S. 338, 348 (1974).

The Fourteenth Amendment guarantees the "equal protection of the laws." U.S. Const. amend. XIV, § 1. To make out a selective-enforcement claim, a claimant bears the burden to demonstrate that officials acting under the color of law had discriminatory

---

[2] Lewis also brought Fifth Amendment claims, but we needn't reach them here. The alleged violation of Lewis's Fifth Amendment rights following his arrest was a separate issue irrelevant to the court's credibility determinations and to this appeal. In fact, the district court granted Lewis's suppression motion on Fifth Amendment grounds.

motivations and that similarly situated individuals of a different race who committed substantially the same violation were not subject to the same enforcement. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996).

Here, Lewis abandoned his Fourteenth Amendment challenge because he neglected to address the district court's refusal to consider the argument on the basis that it was not properly raised before the magistrate judge. *See King*, 751 F.3d at 1277. Even assuming that Lewis preserved his claim, the district court did not err, because he has not demonstrated selective enforcement occurred. Lewis failed to provide any evidence in his objections to the magistrate judge's report and recommendation *or* in his appellate brief that the police failed to stop similarly situated individuals who committed substantially similar traffic violations. *See Armstrong*, 517 U.S. at 465.

In sum, Lewis forfeited his Fourteenth Amendment challenge and, even assuming *arguendo* that he hadn't, he failed to provide any evidence that police failed to stop similarly situated individuals who committed substantially similar traffic violations.

**AFFIRMED.**